UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MICHAEL ALMANZA

CRIMINAL ACTION

NO.: 15-00145-BAJ-RLB

## RULING AND ORDER

Before the Court is **Motion for Early Termination of Supervised Release (Doc. 518)** filed by Defendant, Michael Almanza. The United States has taken no position regarding the motion (Doc. 519). Because the Court is without statutory authority to end supervised release prior to the expiration of one year, the motion is **DENIED**.

I. **BACKGROUND**

On July 7, 2017, the Court sentenced Defendant to thirty-six months of imprisonment followed by a supervised release period of one year.[1] (Doc. 482). He began his term of supervised release on July 13, 2018 after being released from Bureau of Prisons custody. Defendant represents that he is from California and has no connections to Louisiana other than his arrest and conviction. (Doc. 518 at ¶ 3). He states that none of the Federal Judicial Districts in California would accept him for supervised monitoring and that he is forced to live in hotels throughout the Middle District of Louisiana. (*Id.* at ¶¶ 4–5). Plaintiff asks the Court to terminate his supervised release early, pursuant to 18 U.S.C. § 3583(e).

---

[1] Defendant had been in federal custody since March 17, 2016, when the Magistrate Judge ordered Defendant detained pending trial. (Doc. 131).

## II. LEGAL STANDARD

The Court, after considering relevant factors, may "terminate a term of supervised release . . . any time *after the expiration of one year of supervised release*. § 3583(e) (emphasis added).

## III. DISCUSSION

Defendant admits that he has not served one year of supervised release, but argues that his "extraordinary circumstances" warrants relief. (Doc. 518 at ¶ 5). However, § 3583(e) does not offer the Court the discretion to terminate supervised release prior to Defendant serving one year of supervised release; it can do so only *after* Defendant had served one year of supervised release. § 3583; *see also United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006) (per curiam) ("A district court may have . . . the authority to terminate obligations of supervised release, after the expiration of one year of supervised release, under § 3583(e)(1)."). Because one year has not passed since Defendant began his term of supervised release, the Court may not terminate his supervision.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERD** that the Motion for Early Termination of Supervised Release (Doc. 518) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of August, 2018.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA